# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TWO RIVERS PSYCHIATRIC HOSPITAL | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 05-0605-CV-W-FJG ) |
| MARCIA L. BIGGS and TOM BIGGS, | ) ) |
| Defendant and Third-Party Plaintiff, | ) ) ) ) |
| vs. | ) ) |
| CORESOURCE, | ) ) |
| Third-Party Defendant. | ) |

## **ORDER**

On July 6, 2005, Third Party defendants CoreSource, Inc. filed a Notice of Removal with this Court. CoreSource alleges that third party plaintiff Tom Biggs seeks health benefits under a self-funded group health plan. Thus, CoreSource argues that this is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"). CoreSource alleges that ERISA preempts the state law claims alleged in the Third Party petition and provides the exclusive federal remedy for resolution of the claims by plan participants to recover benefits from such plans.

On September 19, 2005, this Court issued an Order noting that in general third party defendants are not entitled to remove cases to federal court. The Order directed CoreSource to show cause on or before October 3, 2005, why the case should not be

remanded for lack of jurisdiction.

CoreSource responded first by stating that there is a distinct split of authority on the removability of third party actions. While there have been some cases in which third party defendants have been allowed to remove cases, this is the minority position. As noted in one of the cases cited by CoreSource, Monmouth-Ocean Collection Service, Inc. v. Klor, 46 F.Supp.2d 385 (D.N.J. 1999):

> The better view, consistent with the principle that removal jurisdiction is to be strictly construed, is that third-party claims are not removable, because only a party defending against claims asserted by a plaintiff ought to be able to remove. If the original defendant had no right to remove, or chose not to, an ancillary defendant should not be permitted to remove, absent express statutory authority . . .

Id. at 389, quoting 16 James Wm. Moore et al., Moore's Federal Practice §107.11[1][b][iv] (3d ed. 2005). Similarly, in Sanford v. Premier Millwork & Lumber Co., Inc., 234 F.Supp.2d 569 (E.D.Va. 2002), the Court stated:

> The court finds that a third-party defendant is not permitted to remove an action from state to federal court under 28 U.S.C. § 1441(a). Section 1441(a) provides that cases where the federal courts would have original jurisdiction "may be removed by the defendant or defendants" to federal district court. It is true that some courts have interpreted §1441(a) as allowing removal by third-party defendants. . . . However, *the majority rule*, and, in the eyes of this court, the better view, is that third-party defendants are not the true defendants in the first instance and are not, therefore, entitled to remove under §1441(a).

Id. at 571 (internal citations omitted)(emphasis added). Duckson, Carlson, Bassinger, LLC v. Lake Bank, N.A., 139 F.Supp.2d 1117 (D.Minn. 2001)("The majority view is that the determination of who is a defendant is made with reference to the original complaint, not subsequent complaints.").

The Eighth Circuit has followed the majority rule. In Lewis v. Windsor Door Co.,

2

926 F.2d 729 (8th Cir. 1991), the Court stated:

> Section 1441(c) is silent on the question of whether third-party defendants can remove. So far, only two circuits have addressed this issue, and they appear to be divided. *Compare* Judge Posner's exhaustive opinion in Thomas v. Shelton, 740 F.2d 478, 486 (7th Cir. 1984)(holding that in "broad run of third-party cases" the third-party defendant [including the United States] may not remove under §1441(c)) *with* Carl Heck Engineers v. LaFourche Parish Police Jury, 622 F.2d 133, 136 (5th Cir. 1980)(holding third-party defendants sued under a separate and independent claim can remove). Both leading commentators on civil procedure agree with the Seventh Circuit that section 1441(c) applies only to claims joined by the plaintiff.
> . . .
> We agree with the Seventh Circuit analysis. We do not believe that the remote, ancillary possibility of a third-party claim not yet matured can constitute a basis for removal of a third-party claim which is not separate and independent of the plaintiff's claim.

Id. at 733.

CoreSource attempts to distinguish this case and states that it is not applicable to the facts and circumstances in the instant action. CoreSource argues that the Lewis case is distinguishable because it applies only to claims which are "not yet matured" and "not separate and independent of the plaintiff's claim." CoreSource argues that Lewis is not controlling because the defendant/third-party plaintiff's claim under the Plan - that CoreSource violated the terms of the Plan and its obligations under the Plan to provide health care benefits have matured and that these claims are separate and independent from the plaintiff's claims.

The Court does not agree with this assessment. There have been several other decisions where Courts have held that the third-party ERISA claims are not separate and independent. In Sanford, the Court stated:

> Even if removal were available, however, Optima cannot meet the burden of proving that the third-party claim is a separate and independent

3

action such that it may form the basis for removal as provided in § 1441(c). The Supreme Court has set a high hurdle, finding that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." American Fire & Cas. Co. v. Finn, 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

Id. 234 F.Supp.2d at 571. In that case, plaintiff alleged that her employer failed to provide health care coverage for which she had paid. The third party complaint alleged that the insurer breached its contract with the employer and its employees and sought contribution and indemnity if the employer was found liable for the lack of coverage. The Court noted:

> It is clear that the third-party complaint is not separate and independent - the single wrong in this case is the alleged failure to provide promised insurance coverage. The resolution of the third-party claim is intertwined with resolution of the original claim. Therefore, even if third-party defendants can remove under § 1441(c), the third-party claim in the instant case is not separate and independent and the claim cannot form the basis for removal under § 1441(c).

Id. at 572. See also Carroll County General Hospital v. Rosen, 174 F.Supp.2d 384 (D. Maryland 2001)(Third party claim brought by patient was not separate and independent claim which could support removal); Hospital of University of Pennsylvania v. Bryant, No. CIV.A.01-CV-4853, 2002 WL 257852 (E.D.Pa. Feb. 22, 2002)("Most federal courts have determined that a third-party defendant cannot remove a state action to federal court based on defense of ERISA preemption where the third-party claim for indemnification is not "separate and independent" from plaintiff's state claims.").

CoreSource argues that there have been courts which have held that third-party claims alleging wrongful refusal to pay medical expenses are separate and independent claims and are removable. CoreSource cites the following cases in support of its

4

position: Carl Heck Engineers, Inc. v. LaFourche Parish Police Jury, 622 F.2d 133 (5th Cir. 1980); Lazo v. Inland Sales Co., 925 F.Supp. 463 (N.D.Tex. 1995); Jefferson Parish Hospital Dist. # 2 v. Harvey, 788 F.Supp. 282 (E.D.La. 1992), Charter Med. Corp. v. Friese, 732 F.Supp. 1160 (N.D.Ga. 1989) and Ford Motor Credit Co. v. Aaron-Lincoln Mercury, Inc., 563 F.Supp. 1108 (N.D.Ill. 1983).

However, as noted in Jefferson Parish, the Fifth circuit's decision in Carl Heck was the minority position. In fact, several other courts have criticized this decision. In Cross Country Bank v. McGraw, 321 F.Supp.2d 816 (S.D.W.Va. 2004), the Court stated:

> Carl Heck Engineers has been the subject of nearly universal criticism from other federal courts. . . . Several district courts within the Fifth Circuit have taken the position, with which this court agrees, that regardless of the soundness of the decision at the time it was rendered, Carl Heck Engineers has been superceded by the 1990 amendment to § 1441(c). . . . In 1990, the statute was amended and the italicized words were replaced with "within the jurisdiction conferred by section 1331 of this title." As the Court in National American Insurance Company explained, this amendment necessarily overrules Carl Heck Engineers as it pertains to diversity cases. . . . Therefore, Congress' explicit incorporation of § 1331 into § 1441(c) is also an implicit incorporation of the well-pleaded complaint rule; accordingly § 1441(c) cannot be read as supplanting the well-pleaded complaint requirement of removal jurisdiction.

Id. at 822 -23. The other cases which CoreSource cites all rely on Carl Heck Engineers in support of their conclusions. However, the Court finds that the better reasoned cases are those which have determined that where the third party claim for indemnification is based on the underlying suit, the claims are not separate and independent. In this case, Two Rivers Psychiatric Hospital sued Marcia and Tom Biggs for unpaid medical expenses related to the care of their daughter. Tom Biggs then filed a third-party complaint against CoreSource alleging that he was covered by a self-funded group

5

health plan which paid for medically necessary treatment of an illness or injury. Tom Biggs alleged that CoreSource had an obligation to pay for his daughter's treatment and that the refusal to pay was a violation of CoreSource's obligation to pay benefits. In Sanford, the Court concluded that "the single wrong in this case is the alleged failure to provide promised insurance coverage. The resolution of the third-party claim is intertwined with resolution of the original claim." Id. 234 F.Supp.2d at 572. So, it is in the instant case.

Therefore, as the Court has determined that this case was improperly removed the Court hereby **REMANDS** this case to the Circuit Court of Jackson County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri at Kansas City as required by 28 U.S.C. § 1447(c).


Date:  January 13, 2006  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN JR.**
Fernando J. Gaitan Jr.
United States District Judge

6